UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE THOMAS HART,

    Plaintiffs,                                             Hon. Janet T. Neff

v.                                                        Case No. 1:14 CV 924

90th JUDICIAL
DISTRICT COURT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Wayne Thomas Hart initiated the present action against the Emmet County 90th Judicial District Court, the Emmet County Sheriff's Office, the Emmet County Prosecutor's Office, the Tuscarora Township Police Department, the Emmet County Correctional Facility, Statewide Environmental Services, Conway Towing, the Law Offices of Daniel J. Harris, P.C., seventeen named individuals, and an unknown number of "unknown parties." Plaintiff requests that this Court overturn or expunge a conviction entered against Plaintiff in state court. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the undersigned recommends that this action be **dismissed** for lack of subject matter jurisdiction.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long

recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiff is seeking to overturn or expunge, in this Court, a conviction entered against Plaintiff in a state court action. This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 2013 WL 2665786 at *3 (same). Accordingly, the undersigned recommends that this matter be dismissed on the ground that this Court lacks subject matter jurisdiction to hear Plaintiff's "appeal."

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 16, 2014    /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge